IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| ANNICA YBARRA, | § | |
| *Plaintiff*, | § § § | |
| v. | § § | Civil Action No.: 7:22-cv-172 |
| | § § | |
| UPS CARTAGE SERVICES, INC. D/B/A UNITED PARCEL SERVICE, INC. | § § § | |
| *Defendant.* | § § § | |

## DEFENDANT'S NOTICE OF REMOVAL

UPS Cartage Services, Inc. ("UPS"), Defendant in the above-entitled and numbered action, files this Notice for Removal of the state court action under 28 U.S.C. §§1332 and 1441, and in support thereof, respectfully shows the following:

1.  UPS removes this state-law action brought by Plaintiff Annica Ybarra, under 28 U.S.C. §§1332 and 1441 and based on diversity jurisdiction. UPS and Ybarra are citizens of different states, and Ybarra seeks damages in excess of the $75,000 threshold required for the exercise of diversity jurisdiction. UPS also files this Notice of Removal within thirty days of service of Plaintiff Annica Ybarra's Original Petition, the first pleading to allege removable claims in this cause, as required by 28 U.S.C. §1446(b).

## I.
## FACTUAL BACKGROUND

2.  On April 22, 2022, Plaintiff Annica Ybarra filed her Original Petition against UPS in At Law No. 7, County Court, in Hidalgo County, Texas in the lawsuit styled *Annica Ybarra*

1

*v. UPS Cartage Services, Inc. d/b/a United Parcel Service, Inc.*; Cause No. CL-22-1405-G. *See* Ex. 1. Plaintiff's Original Petition.  Plaintiff Annica Ybarra's Original Petition filed on April 22, 2022, alleged claims of disability discrimination arising under the Texas Commission on Human Rights Act (TEX. LAB. CODE § 21.001, *et seq.*), claims of discrimination and retaliation under Chapter 21 of the Texas Labor Code and claims of workers' compensation retaliation arising under Chapter 451 of the Texas Labor Code. *See id.* ¶¶ 7.1-7.12.

3.  Ybarra seeks a host of forms of legal and equitable relief, including lost earnings in the form of back pay, front pay, retirement benefits, fringe benefits, lost further earnings and/or diminished earning capacity, physical injuries, past and future mental anguish, compensatory damages, exemplary damages, and attorney's fees. *Id.* at ¶¶ 8.1-8.3; 9.1; and, 10.1-10.3.  In fact, Plaintiff expressly seeks "compensable damages [that] exceed $200,000.00, but not more than $750,000.00" in her Original Petition. *See* ¶ 1.1.

4.  UPS received service of Ybarra's Original Petition through its registered agent on May 5, 2022. *See* Ex. 2, Notice of Service of Process, Summons, and Citation.

5.  UPS thereafter timely filed its Answer, General Denial and Defenses in the County Court, At Law No. 7, Hidalgo County, Texas on May 27, 2022. *See* Ex. 3, Defendant's Answer, General Denial and Defenses to Plaintiff's Original Petition.

6.  UPS now timely files its Notice of Removal within 30 days of receiving service of process of Plaintiff Annica Ybarra's Original Petition in accordance with 28 U.S.C. §1446(b)(1).

## II.
## ARGUMENTS & AUTHORITIES

Under 28 U.S.C. §1441, a defendant may remove to federal court "any civil action brought in a State court of which the district courts of the United States have original

jurisdiction." In the present case, the Court possesses diversity jurisdiction because "the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs and is between . . . citizens of different states." 28 U.S.C. §1332. As explained in further detail below, removal is appropriate in this case due to the satisfaction of both diversity jurisdiction requirements.

### A. UPS and Ybarra Are Citizens of Different States.

Section 1332(c)(1) states that "a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business . . ." 28 U.S.C. § 1332(c)(1). Under this definition, UPS is not, and was not at the time this lawsuit was filed, a citizen of the State of Texas and is completely diverse in citizenship from Plaintiff. *See* Ex. 1, Pl.'s Orig. Pet. at ¶2.2 (acknowledging Defendant is "a foreign for profit corporation…"). As a result, at the time the underlying lawsuit was filed, UPS was a citizen of the States of Delaware (its state of incorporation) and Georgia (its principal place business). Plaintiff, on the other hand, is a citizen of the State of Texas. *See* Ex. 1, Pl.'s Orig. Pet. at ¶2.1. Plaintiff and UPS are therefore citizens of different states, thereby satisfying the first requirement for diversity jurisdiction.

### B. Jurisdictional Amount in Controversy Satisfied.

The second requirement for diversity jurisdiction—that the amount in controversy exceed $75,000—is also met in this case. *See* 28 U.S.C. §1332(a). Under section 1446(c),

> the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy, except that—(A) the notice of removal may assert the amount in controversy if the initial pleading seeks—(i) nonmonetary relief; or (ii) a money judgment, but the State practice either does not permit demand for a specific sum or permits recovery of damages in excess of the amount demanded; and (B) removal of the action is proper on the basis of an amount in controversy asserted under

3

> subparagraph (A) if the district court finds, by the preponderance of the evidence, that the amount in controversy exceeds the amount specified in section 1332(a).

28 U.S.C. §1446(c). Significantly, the Supreme Court recently clarified that it is sufficient for a removing defendant to "simply allege or assert that the jurisdictional threshold has been met." *Dart v. Cherokee Basin Operating Co., LLC*, 135 S. Ct. 547, 554 (2014). In other words, evidence establishing the amount in controversy is only required by section 1446(c)(B) if the plaintiff contests, or the court questions, the defendant's allegations. *Id.*; *see also Castaneda v. Travelers Lloyds of Tex. Ins. Co.*, No. A-15-CV-00259-LY-ML, 2015 WL 3604678, at *2 (W.D. Tex. June 5, 2015) (unpublished).

In the instant case, it is facially apparent from Ybarra's Original Petition that the amount in controversy exceeds $75,000 due to the variety and nature of the damages sought therein. In particular, Ybarra seeks a variety of forms of legal relief, including lost earnings in the form of back pay, front pay, retirement benefits, fringe benefits, lost further earnings and/or diminished earning capacity, physical injuries, past and future mental anguish, compensatory damages, and attorney's fees. *See* Ex. 1, Pl.'s Orig. Pet. at ¶¶ 8.1-8.3; 9.1; and, 10.1-10.3. Ybarra also seeks punitive damages and almost every type of damage permitted under Chapter 21. *See generally id.* In fact, Ybarra expressly seeks "compensable damages [that] exceed $200,000.00 but are not more than $750,000.00" in this cause. *Id.* at ¶ 1.1.

These allegations alone are sufficient to show Ybarra seeks a money judgment in excess of the jurisdictional threshold. *See, e.g., Foret v. State Farm Bureau Life Ins.*, 918 F.2d 534, 537 (5th Cir. 1990) (attorneys' fees included as part of amount-in-controversy if provided for by state statute); *Fuentes v. Union Pac. R.R. Co.*, No. 05-417, 2006 WL 506048, at *3 (W.D. Tex. Feb. 14, 2006) (Chapter 21 claimant's potential entitlement to compensatory damages and

4

attorney's fees satisfied jurisdictional minimum). In this regard, the amount-in-controversy requirement for purposes of diversity jurisdiction has been established.

### C. Removal is Procedurally Proper.

Venue is proper in the Southern District of Texas, McAllen Division, under 28 U.S.C. §1446(a). The Southern District of Texas, McAllen Division, embraces the place in which the removed action is pending and is where a substantial part of the events giving rise to Ybarra's claims allegedly occurred.

UPS was served with a copy of Plaintiff Annica Ybarra' Original Petition on May 5, 2022 by service to its registered agent. *See* Ex. 2, Notice of Service of Process, Summons, and Citation. UPS now has timely filed this Notice of Removal within thirty days of service of Ybarra's Original Petition, as required. 28 U.S.C. § 1446(b)(3).[1]

Pursuant to 28 U.S.C. §1446(a), UPS attaches to this Notice of Removal true and correct copies of Plaintiff Annica Ybarra's Original Petition (Ex.1), the Proof of Service of Process, Summons, and Citation (Ex. 2), Defendant's Answer, General Denial and Defenses to Plaintiff's Original Petition (Ex. 3), State Court Docket Sheet (Ex. 4), and State Court Notice of Removal (Ex. 5), which constitutes all process, pleadings, and orders served to date.

Pursuant to 28 U.S.C. §1446(d), promptly after this Notice is filed with this Court, UPS will serve written notice of its filing on Plaintiff's counsel. Pursuant to 28 U.S.C. § 1446(d), a true and correct copy of this Notice also will be filed with the clerk of At Law No. 7, County

---

[1] Defendant acknowledges Ybarra's Original Petition includes a claim for worker's compensation discriminatory discharge (retaliation) under Chapter 451 of the Texas Labor Code. However, workers' compensation retaliation claims arising under Chapter 451 are not removable. *See Vinson v. Schneider Nat'l Carriers, Inc.,* 942 F. Supp.2d 630, 636 (N.D. Tex. 2013); *see also* 28 U.S.C. § 1445(c) ("actions "arising under the workmen's compensation laws of such State may not be removed …"). Thus, Defendant acknowledges that, following this removal, Ybarra's Chapter 451 claims will be subject to remand to the County Court at Law No. 7, upon timely motion by Plaintiff. *See, e.g., Rios v. Sw. Research Institute,* No. 5:17-cv-00841, 2017 WL 10840423, at *3 (W.D. Tex. Oct. 27, 2017) (permitting removal of Chapter 21 claims but noting that the Chapter 451 claim may be remanded).

Court, in Hidalgo County, Texas.

## III.
## CONCLUSION & PRAYER

For the foregoing reasons, Defendant UPS Cartage Services, Inc. prays the United States Court for the Southern District of Texas, McAllen Division, assumes jurisdiction over this action being removed from At Law No. 7, County Court, Hidalgo County, Texas. Defendant UPS Cartage Services, Inc. also prays for all other relief to which it may be entitled.

Dated: June 3, 2022.                                    Respectfully submitted,

/s/ *Shannon B. Schmoyer*
Shannon B. Schmoyer
State Bar No.17780250
Southern District of Texas Bar No. 15891
sschmoyer@sr-llp.com
SCHMOYER REINHARD LLP
8000 IH 10 West, Suite 1600
San Antonio, Texas 78230
Phone: (210) 447-8033
Fax: (210) 447-8036

**ATTORNEY-IN-CHARGE FOR DEFENDANT UPS CARTAGE SERVICES, INC.**

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing document was served *via CM/*ECF and email to:

Carlos E. Hernandez
carlos.hernandezjr@gmail.com
The Law Offices of Jose G. Gonzalez
4129 N. 22nd Street, Suite 3
McAllen, Texas 78504
Telephone: (956) 731-4324
Facsimile: (956) 731-4327


on this 3rd day of June 2022.

                                                             /s/ *Shannon B. Schmoyer*
                                                             Shannon B. Schmoyer